**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **VAUCHON DEWAYNE CARTER** ) | |
| ) | |
| ) | |
| **v.** ) | **3-09-CV-967-B** |
| ) | |
| **RICK THALER, Director,** ) | |
| **Texas Department of Criminal Justice** ) | |
| **Correctional Institutions Division** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type of Case**: This is a petition for habeas corpus relief filed by a state prisoner pursuant to 28 U.S.C. § 2254.

**Parties**: The Petitioner is an inmate confined at the Pack Unit of Texas Department of Criminal Justice, Correctional Institutions Division, Navasota, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of Case**: Petitioner was indicted by a state grand jury for the offense of being a felon in possession of a firearm in Cause No. F-06-00426-US. He was also indicted for the offense of possession with intent to deliver a controlled substance in Cause No. F-04-56909-QS. He was tried by a jury for the drug offense in March 2006 which resulted in a hung jury and the entry of a mistrial. The two offenses were consolidated for trial upon Carter's plea of not guilty to each

indictment and the jury returned verdicts of guilty in each case.  Thereafter the state court judge sentenced Carter to a term of ten years imprisonment on the firearm charge and a term of eighteen years on the drug offense.  Carter appealed the convictions and on April 11, 2007, the Fifth Court of Appeals at Dallas issued an unpublished opinion affirming each conviction.  Carter did not seek discretionary review of his convictions, but he subsequently filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, attacking each conviction.  *See* Nos. WR-71,311-02 and WR-71,311-03.  On January 28, 2009, the Texas Court of Criminal Appeals denied each application and Carter thereafter filed the instant § 2254 petition attacking both convictions.[1]  In response to the petition and this court's show cause order Respondent has filed an answer together with copies of the prior state proceedings.  Carter has filed a reply to the answer. He also filed a motion for discovery which was denied without prejudice and in light of the findings made in this recommendation it is now moot.

**Findings and Conclusions**: In his first ground for relief Carter claims that his right to due process was violated by the prosecution's use of perjured testimony.  This claim is based upon his assertion that at his trial in April 2006 Officer Stormy Magiera gave testimony which was contrary to that which she had given at his trial in March 2006, which ended in a mistrial.

He contends that in the earlier trial Officer Magiera testified that she observed him open the trunk to the vehicle he was operating and go into the trunk, *See* Reporter's Record, Vol. 4 at 84, but that in the second trial she testified that she was unable to observe whether he went into the trunk.

---

[1]Since both convictions took place in a single proceeding before a state district court, it is permissible for Carter to file a single petition.  *See* Rule 2(e), Rules Governing § 2254 Proceedings.

2

*Id.* at 29.[2]

In order to establish a basis for federal habeas corpus relief based upon perjured testimony a petitioner must prove that (1) the testimony was actually false, (2) the state knew it was false and (3) the testimony was material.  *Faulder v. Johnson,* 81 F.3d 515, 519 (5th Cir. 1996), citing *inter alia Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763 (1972) and *Napue v. Illinois,* 360 U.S.  264, 79 S.Ct. 1173 (1959).

The facts and circumstances relating to the events on which Officer Magiera testified were the subject of a *sub rosa* hearing outside the jury's presence.  *See* Vol. 4, at 78-87.  Aside from Carter's own testimony, there was no evidence that the officer had previously testified that she saw him go into the trunk of his car.[3]  For the purpose of this recommendation, it is assumed that Carter's recollection is accurate and that the officer's statements given on the two occasions contain an inconsistency with regard to the officer's observations.   However, this inconsistency does not establish that the witness committed perjury, i.e. deliberately, falsely testifying, rather than making a good-faith mistake or relying on faulty memory.  *See e.g. Koch v. Puckett,* 907 F.2d 524, 531 (5th Cir. 1990).  It necessarily follows that unless the record establishes that the witness was testifying falsely, a petitioner cannot prove that the prosecution knowingly presented perjured testimony.  Finally, it cannot be shown that the testimony was material to Carter's conviction.  After relating her observations at the Pebbles apartment complex on Park Lane, including the fact that she was

---

[2]This observation by the police officer occurred at a different location and approximately three hours before she encountered him a second time after a second officer saw him commit a traffic offense.  The initial encounter is described in Officer Magiera's testimony in Vol. 4 at 25-30 in the jury's presence.

[3]A transcription of Officer Magiera's March 2006 testimony was not available at trial nor was it presented or considered in the context of his art. 11.07 application.

unable to see into the trunk and the inferences she drew based upon her knowledge and experience with the environs, the officer advised that the suspicions which were aroused were insufficient to establish probable cause to arrest Carter.  Vol. 4 at 32-33.  While Officer Magiera's observations gave a reason to surveil his activities, it is clear that they had nothing to do with the basis for the stop, the arrest and the inventory search which took place some three hours later, and thus such testimony was not material to the jury's finding of guilt.

As his next ground for relief he claims to have been the victim of an illegal search and seizure.  Merits review of Fourth Amendment claims in a federal habeas corpus petition is foreclosed by the Supreme Court's decision in *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037 (1976).

In his third and final ground Carter contends that he was denied effective assistance of counsel by his trial attorney, Michael Hawk.  Ineffective assistance of counsel claims are analyzed under the Supreme Court's two-prong test set out in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).  First it must be shown that the attorney's performance fell below the objective standard of reasonableness required under the Sixth Amendment.  Second, a petitioner must show that there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different.  A failure to prove either prong by a preponderance of the evidence precludes relief.

Carter argues that Mr. Hawk did not make an adequate pretrial investigation which he claims should have included obtaining a transcript of the prior trial and being prepared to object to the search of his vehicle.  Finally, he faults counsel for not properly preserving a Fourth Amendment

issue for appellate review.[4]

There is nothing inherently deficient in failing to obtain a transcript of the first trial. As noted above, the inconsistency in Officer Magiera's testimony - if indeed there was an inconsistency - was not material to Petitioner's guilt or innocence on the drug charge. Further, it is well established that an inventory search of the contents of an automobile, following a valid arrest, does not violate the Fourth Amendment's prohibition against unreasonable searches. *See South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092 (1976); *Whren v. United States,* 517 U.S, 806, 814, 116 S.Ct. 1769 (1996) (the actual motivation of a police officer is irrelevant to the constitutional reasonableness in effecting a traffic stop); *see also Colorado v. Bertire*, 479 U.S. 367, 107 S.Ct. 738 (1987).

The record shows Carter was not arrested until there was probable cause to believe that he had committed at least three separate traffic violations and that the inventory search proceeded only after it was determined that his car would be impounded and a wrecker had been called. The fact that Hawk did not object to the admission of the items discovered in the inventory of the vehicle contents as being violation of Petitioner's Fourth Amendment rights does not constitute conduct which is constitutionally deficient. Further, since the testimony of Officer Magiera concerning the events at the Pebbles apartment was not relevant to his guilty or innocence the Carter cannot show a reasonable probability that had a transcript of his prior testimony been obtained, that the jury would not have found him guilty.

---

[4]On direct appeal new counsel claimed the inventory search which took place after Carter was placed under arrest violated his rights. *See* No. 05-06-00827-CR, Appellant's brief, Point of Error No. 1. In its unpublished opinion the appellate court found that the issue was not preserved for appellate review. *See* No. 05-06-00827-CR and No. 05-06-00828-CR, opinion issued on April 11, 2007, at 2-3.

For the foregoing reasons I conclude that none of the grounds presented in the instant petition are meritorious. However, the Antiterrorism and Effective Death Penalty Act (the "AEDPA") limits the authority of a federal court to grant habeas corpus relief to a state prisoner only to those cases in which the decision of the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings." 28 U.S.C. § 2254 (d)(1) - (2). Because Carter has failed to prove that either of these alternatives apply to the Texas court of Criminal Appeals' decisions denying relief, he is not entitled to relief on the grounds asserted in his petition.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the petition be denied and dismissed.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent..

Signed this 21st day of December 2009.

*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).